IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTONIO ALEJANDRO GUTIERREZ, | CV. 07-99-ST |
| Plaintiff, | ORDER |
| v. | |
| BRIAN BELLEQUE, et al., | |
| Defendants. | |

HAGGERTY, District Judge.

This 28 U.S.C. § 2254 habeas corpus case comes before the court on petitioner's collective Motion to Amend, Reconsider, and Expedite (docket #30), Motion for Preliminary Injunction (docket # 33), and Amended Motion for Preliminary Injunction (docket #35).

**I. Motion to Amend, Reconsider, and Expedite (docket #30)**

Petitioner seeks leave to "amend the 'cover sheets' on his brief on appeal, his excerpt of record, and the description of the parties to the case." Motion (docket #30), p. 1. As petitioner reproduced completed copies of these exhibits including the revised cover sheets, the request to amend is granted.

1 - ORDER

Petitioner also asks the court to reconsider its decision denying his previous Motion for Preliminary Injunction (docket #19). The court denied that Motion because petitioner filed the document *pro se* while represented by an attorney. As this practice is prohibited by Local Rule 83.9(b), reconsideration is not appropriate. The court will, however, consider petitioner's pending requests for preliminary injunctive relief.

Petitioner also asks the court to expedite this case. This request is granted to the extent that the court is aware of petitioner's concerns, and will endeavor to resolve this case expeditiously and efficiently.

**II. Motions for Preliminary Injunction (dockets #33 & #35)**

Petitioner asserts that he has been unlawfully incarcerated for the last ten years, and asks the court to immediately order his release from custody. In his Amended Motion for Preliminary Injunction, he also asks the court to set aside an immigration detainer.

A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of

irreparable harm increases as the probability of success decreases. *Id.* A request for a mandatory injunction, seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

As an initial matter, it is questionable whether district courts even have the authority to release habeas litigants pending a decision. *See Roe v. United States Dist. Court (In Re Roe)*, 257 F.3d 1077, 1080 n. 2 (9th Cir. 2001) (declining to resolve this issue, but noting that the governing rule "does not appear to contemplate release on bail pending an initial decision in district court."). Assuming the court possesses this authority, petitioner has not demonstrated that he has a strong likelihood of success on the merits.

Petitioner's central claim in this case appears to focus on a decision by the Oregon Board of Parole and Post-Prison Supervision deferring his release date based either on the result of a psychological evaluation, or on petitioner's refusal to take part in one. It is not clear at this point whether petitioner preserved such a claim for federal habeas review, and it does not appear from the record currently before the court that he has a high likelihood of success on such a claim. Moreover, petitioner is attempting to obtain a preliminary injunction to change the relative positions of the parties, not preserve them, and the facts and law do not

clearly favor his position.  The court therefore concludes that a preliminary injunction is not warranted.

## **CONCLUSION**

For the reasons identified above, petitioner's Motion (docket #30) is GRANTED, but only to the extent that petitioner is permitted to amend his exhibits, and the court will endeavor to decide this case expeditiously and efficiently.  Motion (docket #30) is DENIED to the extent that petitioner seeks reconsideration of the court's Order (docket #20).

Petitioner's Motion for Preliminary Injunction (docket #33) and Amended Motion for Preliminary Injunction (docket #35) are DENIED.

IT IS SO ORDERED.

DATED this  10   day of October, 2007.

                            /s/ Ancer L. Haggerty
                            Ancer L. Haggerty
                            United States District Judge