IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO ALEJANDRO GUTIERREZ,

        Petitioner,

    v.

BRIAN BELLEQUE, OREGON BOARD
OF PAROLE AND POST-PRISON
SUPERVISION, and STATE OF
OREGON,

        Respondents.

Civil No. 07-99-ST

FINDINGS AND RECOMMENDATION

    Antonio Alejandro Gutierrez
    #5448026
    2605 State Street
    Salem, OR 97310-0505

        Petitioner, *Pro Se*

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

1 - FINDINGS AND RECOMMENDATION

         Attorneys for Respondent
STEWART, Magistrate Judge.

    Petitioner brings this civil action challenging the legality of his ongoing confinement within the Oregon State Penitentiary through either a habeas corpus petition, or a petition for a writ of mandamus. For the reasons which follow, the court should decline to grant petitioner relief from his incarceration.

                         **BACKGROUND**

    Petitioner was convicted in 1985 of Murder as well as Assault in the Second Degree. As a result, the trial court sentenced him to an indeterminate life sentence for the Murder conviction, and a consecutive 10-year sentence (with a 5-year minimum) for the Assault conviction. Respondent's Exhibit 101.

    The Oregon Board of Parole and Post-Prison Supervision ("Board") scheduled petitioner's projected release date for December 22, 1998. Petitioner's Exhibit 2. The Board conducted petitioner's exit interview on June 9, 1998, and elected to defer his release date for 24 months because he suffered from a "PRESENT SEVERE EMOTIONAL DISTURBANCE SUCH AS TO CONSTITUTE A DANGER TO THE HEALTH AND SAFETY OF THE COMMUNITY." Petitioner's Exhibit 3. The Board's decision was based, at least in part, on a psychological evaluation conducted in preparation for the exit interview. *Id.* The Board issued three additional 24-month deferrals in 2000, 2002, and 2004 on the same basis, using a new psychological review for each exit interview. Petitioner's Exhibits 6, 9, 12.

    2 - FINDINGS AND RECOMMENDATION

The Board scheduled another exit interview for June 2006 and set up a psychological examination for petitioner in advance of that interview. Petitioner, however, refused to participate in the examination leading the Board to "ORDER[] PAROLE RELEASE TO THE SENTENCE IMPOSED BY THE COURT WHICH IS LIFE. IF THE INMATE PETITIONS THE BOARD AND CONSENTS TO AN EXAMINATION AT AN EARLIER TIME, (BUT NO SOONER THAN TWO YEARS FROM THIS HEARING) THE BOARD WILL REVIEW THE PETITION ADMINISTRATIVELY." Petitioner's Exhibit 21.

Petitioner sought administrative review of this decision, but the Board denied relief. Petitioner's Exhibit 23. Petitioner next filed for leave to proceed in the Oregon Court of Appeals. The Oregon Court of Appeals denied petitioner leave to proceed with his appeal and dismissed the case on its own motion. Respondent's Exhibit 111. The Oregon Supreme Court denied petitioner's subsequent Petition for Review. Respondent's Exhibit 113.

Petitioner filed his Amended Petition for Writ of Habeas Corpus on February 26, 2008. Petitioner's claims, taken together, allege that the Board's requirement that he participate in a pre-parole psychological evaluation against his will violates his Fifth Amendment privilege to be free from self-incrimination. Respondent asks the court to deny relief on this claim because the state court decisions denying relief are neither contrary to, nor unreasonable applications of, clearly established federal law.

3 - FINDINGS AND RECOMMENDATION

**FINDINGS**

I. **Nature of Suit**

As an initial matter, petitioner filed his Amended Petition pursuant to 28 U.S.C. § 2254. In his memoranda, however, petitioner asserts that his Amended Petition is brought in mandamus, not under § 2254.

Federal courts lack mandamus authority to direct state officials regarding the performance of their duties, and a petition for a writ of mandamus requesting such relief is frivolous as a matter of law. *Demons v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir.), *cert. denied*, 498 U.S. 1123 (1991); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984). Because it is in petitioner's best interest for this case to proceed as a § 2254 habeas action, the court construes it as such.

II. **Proper Respondent**

Petitioner properly names his custodian, Warden Belleque, as a respondent to this action. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Because petitioner is still in custody, the Board and the State of Oregon are not proper respondents and should be dismissed.

III. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable

4 - FINDINGS AND RECOMMENDATION

application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas

5 - FINDINGS AND RECOMMENDATION

court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law.  *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision.  *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

**IV.  Analysis**

As previously discussed, the Board first set petitioner's projected release date at December 22, 1998.  It then continued to defer his release beginning in 1998 based in part on unfavorable psychological evaluations, leading petitioner to refuse to participate in any further evaluations beginning in 2006.  This, in turn, prompted the Board to flatly refuse to consider petitioner for parole until he agrees to participate in psychological evaluations.  Therefore, petitioenr asserts that he is being compelled to make incriminating statements to a psychologist in violation of the Fifth Amendment because his only alternative is to forego all further parole consideration.

The Fifth Amendment Self-Incrimination Clause provides that no person "shall be compelled in any criminal case to be a witness against himself."  "The essence of this basic constitutional principle is 'the requirement that the State which proposes to convict and punish an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel

6 - FINDINGS AND RECOMMENDATION

expedient of forcing it from his own lips.'" *Estelle v. Smith*, 451 U.S. 454, 462 (1981) (citing *Culombe v. Connecticut*, 367 U.S. 568, 581-82 (1961)).

In *McKune v. Lile*, 536 U.S. 35 (2002), the Supreme Court rejected a Fifth Amendment challenge brought pursuant to 42 U.S.C. § 1983 by an inmate who claimed that a sex offender treatment program requiring him to admit to uncharged criminal conduct violated his privilege against self-incrimination. The Court has also held that construing a person's silence against him does not run afoul of the Fifth Amendment in the context of a prison disciplinary hearing or a clemency hearing. *Baxter v. Palmigiano*, 425 U.S. 308 (1976) (prison disciplinary hearing); *Ohio Adult Parole Authority v. Woodward*, 523 U.S. 272 (1998) (clemency hearing).

It is unclear exactly how petitioner would actually incriminate himself by participating in a psychological review. The purpose of that review is not to ascertain new criminal conduct, but to aid in the determination as to whether the inmate suffers from a present severe emotional disturbance such that he constitutes a danger to the community. ORS 144.125. Indeed, while an adverse parole decision based on a psychological evaluation might require him to serve his pre-existing sentence in prison

7 - FINDINGS AND RECOMMENDATION

instead of on parole,[1] his statements would not incriminate him with respect to uncharged conduct. At a minimum, there is no clearly established federal law which would have put Oregon's state courts on notice that requiring petitioner to participate in a pre-parole psychological examination would violate his Fifth Amendment privilege against self-incrimination.

Although petitioner relies heavily upon *Smith, supra,* for the proposition that the Fifth Amendment forbids the State from compelling psychological evaluations, *Smith* involved a pretrial psychological exam used to determine a criminal defendant's competence to stand trial for a capital crime. The pretrial psychological exam was later used against the defendant in the penalty phase of his trial. The Supreme Court found a Fifth Amendment violation because the petitioner in *Smith* was not advised that: (1) the pretrial psychological evaluation could also be used against him during the penalty phase of his trial; and (2) because the evaluation could be used against him during the penalty phase of his trial, he had the right to remain silent for his evaluation and thereby not provide the State with affirmative evidence to persuade the jury to return a sentence of death. *Smith*, 451 US at 465-66. Since none of the concerns in *Smith* are present in this case, *Smith* is inapposite. Accordingly, upon an independent review

---

[1] Because there is no constitutional right to parole, *Greenholtz v. Inmates of Nebraska Penal*, 442 U.S. 1, 7 (1979), petitioner cannot "incriminate" himself by participating in a psychological examination which results in the deferral of his parole.

8 - FINDINGS AND RECOMMENDATION

of the record, the state court decisions denying relief in this case are neither contrary to, nor unreasonable applications, of clearly established federal law.

## **RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #66) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due **September 26, 2008**. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

///

///

///

///

///

///

///

9 - FINDINGS AND RECOMMENDATION

**NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this <u>8th</u> day of September, 2008.

                                      <u>/s/   Janice M  Stewart        </u>
                                      Janice M. Stewart
                                      United States Magistrate Judge