FILED'09 JAN 29 11:22USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO ALEJANDRO GUTIERREZ,

        Petitioner,

v.

BRIAN BELLEQUE, OREGON BOARD
OF PAROLE AND POST-PRISON
SUPERVISION, and STATE OF OREGON,

        Respondents.

ORDER

Civil No. 07-99-ST

HAGGERTY, Chief Judge:

        Magistrate Judge Stewart referred to this court a Findings and Recommendation [106] in this matter. Judge Stewart recommends denying petitioner's Amended Petition for Writ of Habeas Corpus [66]. Petitioner, acting *pro se*, filed timely objections to the Findings and Recommendation. For the following reasons, this court adopts the Findings and Recommendation.

1  - ORDER

**STANDARDS**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**BACKGROUND**

The Findings and Recommendation contains a factual summary outlining the history of this matter, and the facts will not be fully repeated here. Plaintiff seeks to challenge the legality of his ongoing confinement within the Oregon State Penitentiary.

Plaintiff was convicted in 1985 of Murder and Assault in the Second Degree and was sentenced to an indeterminate life sentence for the Murder conviction and a consecutive ten-year sentence for the Assault conviction. Findings and Recommendation at 2. The Oregon Board of Parole and Post-Prison Supervision (Board) scheduled petitioner's projected release date for December 22, 1998. *Id.* Based at least in part on a psychological evaluation conducted prior to petitioner's exit interview, the Board chose to defer his release twenty-four months because he suffered from a "severe emotional disturbance such as to constitute a danger to the health and safety of the community." *Id.* The Board issued three additional twenty-four month deferrals in 2000, 2002, and 2004 on the same basis, each time relying on a new psychological evaluation. *Id.* When petitioner once again became eligible for parole in 2006, he refused to submit to a psychological evaluation, leading the Board to again defer his release date. *Id.* at 3. Petitioner asserts that the Board's requirement that he participate in a psychological evaluation as a pre-

2   - ORDER

condition to his release violates his right to be free from self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

The Findings and Recommendation found that the Board's requirement that petitioner participate in a psychological evaluation did not implicate petitioner's Fifth Amendment rights.

## DISCUSSION

Petitioner provided cogent objections to the Findings and Recommendation. Petitioner attempts to demonstrate why the Board's actions are akin to the actions of a sentencing judge and asserts that the psychological evaluations are used to increase the length of his sentence. Ultimately, however, petitioner has failed to establish that the state court decisions denying relief in this case are contrary to, or an unreasonable application of, clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

The Findings and Recommendation is well-reasoned and without error. This court adopts the Findings and Recommendation in its entirety.

## CONCLUSION

For the foregoing reasons, the court adopts the Findings and Recommendation [106]. Petitioner's Amended Petition for Writ of Habeas Corpus [66] is denied. This case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 29 day of January, 2009.

Ancer L. Haggerty
United States District Judge

3 - ORDER